*Court of Common Pleas, Dauphin County, September 7th,* 1858.

IN THE MATTER OF THE MANDAMUS TO THE COMMISSIONERS
OF DAUPHIN COUNTY.

When an act of Assembly directs a road to be opened, it means that it must be graded, smoothed off, the proper bridges erected, and made ready for travel. A mandamus will be awarded to compel this.

BY THE COURT.—Pursuant to section 1 of the act of February 6th, 1850, the commissioners appointed to erect the State Lunatic Hospital were directed to lay out, and cause to be opened a State road of the width of fifty feet from a point on another road in front of the hospital grounds to the Susquehanna river, by a line designated in the statute. The road was so laid out but not opened. By section 18 of the act of April 14th, 1851, the road is directed to be laid out and *opened* at the expense and cost of Dauphin county, and to be kept in repair by Susquehanna township, through which it passes. Under the last-named statute the county commissioners, for the time being, caused the road to be opened; but it is said and not denied, that they have never put the same in a complete state of repair, or in such a condition as to justify the proper authorities of the township in taking charge of it; and it is complained that a bridge over the canal where it is crossed by the road is not such as the law requires and is unsafe for travellers. If we were now called on to direct the road to be opened and constructed, we should say that it must be done under the superintendence of the commissioners appointed to erect the hospital, and the expenses paid out of the county treasury; but it is conceded that from the beginning the county commissioners have taken complete charge of the work and caused all to be done heretofore; and no question is raised as to their being the proper persons to do all that the law requires to be done on this road. It is probably for the interest of the county that the men intrusted by the people with the management of their finances should attend to this expenditure. The duty of the respondents in the premises turns mainly on the meaning given to the word "*opened*" as used in the statute. It means something more than to merely cut out the road where it passes through the woods, or the removal of fences, where it traverses farms. As we understand the expression, it embraces the entire construction and complete formation of the road. When so made, it must be kept in repair by the township; but before that charge is imposed, it must be first put in repair; consequently, the grading, building bridges, levelling, etc., ready for travel must be done at the expense of the county.

The legislature has used the word "open" in the same sense in other statutes. Section 6 of the General Road Law of 1836, makes it the duty of the supervisors of adjoining townships to

open and keep in repair all roads laid out on dividing lines; and we may say generally that when a road is ordered to be "*opened*" by any law, it means to be fully constructed to meet the requirements of the public. It is conceded in the present case that the bridge referred to is insufficient; and it is probable that the road has not been properly graded in all its parts. It is the duty of the county commissioners to have the road put in good order; and when so done it must be kept in repair at the expense of the township. It is the interest of Dauphin county to have this effected at the earliest day in order to be entirely relieved of the burden.

We have been requested to give an opinion on this preliminary application, as the county commissioners express a wish to perform whatever this court shall declare to be their duty, without being required so to do by a writ of mandamus. If the bridge is not constructed, and the road otherwise completed in a reasonable time, a peremptory mandamus will be awarded.

*Shunk and Alricks, for plaintiff.*

*Lamberton, for defendant.*